UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK JIRAU,

       Plaintiff,

v.                   Case No.: 8:14-cv-1205-T-33MAP

STEVEN A. WATHEN, and
INFINITY AUTO INSURANCE COMPANY,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Frank Jirau's Motion to Remand (Doc. # 7) filed on May 30, 2014. Jirau subsequently filed an Addendum (Doc. # 10) on June 10, 2014. Defendant Infinity Auto Insurance Company filed a Response in Opposition (Doc. # 13) on June 23, 2014. For the reasons stated at the hearing held on July 23, 2014, and for the reasons set forth below, the Court grants the Motion.

**I.  Background**

On April 11, 2013, Infinity issued an automobile insurance policy to Jirau. (Doc. # 2 at ¶ 11). The insurance policy provided for uninsured or underinsured motorist benefits to Jirau for up to $100,000. (Id. at ¶ 12; Ex. A). According to the Notice of Removal, Jirau is a citizen and resident of Hillsborough County, Florida. (Doc. # 1 at ¶ 3).

1

Infinity is incorporated and keeps its principal place of business in Ohio, and is therefore a citizen of Ohio. (Id. at ¶ 4). The parties disagree as to the citizenship of Defendant Steven A. Wathen. (Doc. # 7 at ¶¶ 1-2; Doc. # 13 at ¶ 28).

On July 17, 2013, Wathen's automobile collided with Jirau's automobile on Falkenburg Road in Hillsborough County, Florida, because of Wathen's purported negligence. (Doc. # 2 at ¶ 2-3). As a result of the accident, Jirau suffered:

> bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature and [Jirau] will suffer the losses in the future. [Jirau]'s automobile and personal property was damaged and he lost the use of it during the period required for its repair or replacement.

(Id. at ¶ 7).

Jirau alleges that Wathen qualifies as an underinsured motorist according to the policy with Infinity. (Id. at ¶ 13). Yet Infinity, purportedly acting in bad faith, failed to settle Jirau's underinsured motorist claim and engaged in unfair settlement practices. (Id. at ¶¶ 19-20).

On March 20, 2014, Jirau filed his Complaint in state court against both Wathen, for his role in the accident, and Infinity, for an underinsured motorist claim and alleged bad

faith pursuant to Fla. Stat. §§ 624.155(1)(b)(1) and 627.727(10). (<u>Id.</u> at ¶¶ 3, 9; Doc. # 1 at ¶ 2).

Jirau alleges that Wathen "at the time of the accident herein was a resident of the State of Florida." (<u>Id.</u> at ¶ 4). However, at the time the Complaint was filed, Jirau was unable to locate Wathen in order to perfect service. Because of this, Jirau also pled in the alternative "for all times pertinent hereto, Defendant, Steven A. Wathen, is a non-resident of Florida or is concealing his whereabouts." (<u>Id.</u>). In order to serve a non-resident of Florida or resident concealing his whereabouts, Fla. Stat. § 48.171 allows for service to be perfected on the Secretary of State as the substituted agent of service. (<u>Id.</u> at ¶ 5). At the hearing, Jirau explained that service was not perfected on the Secretary of State. Rather, Wathen was personally served with the Summons and Complaint at 1417 Gulf Stream Circle Apt. 101, Brandon, Florida, 33511 on May 31, 2014. (Doc. # 10 at ¶¶ 3-4, Ex. A)

Infinity was served with the Complaint on April 23, 2014. (Doc. # 1 at ¶ 2). On May 20, 2014, Infinity timely filed its Notice of Removal under 28 U.S.C. § 1332, and removed the action to this Court based on federal diversity jurisdiction. (<u>Id.</u> at ¶ 1). Jirau filed a Motion to Remand on May 30, 2014, claiming that both Jirau and Wathen are Florida residents and the amount in controversy does not exceed $75,000. (Doc. # 7

at ¶ 1). Jirau subsequently filed an Addendum in support of the Motion on June 10, 2014. (Doc. # 10). Infinity filed a Response in Opposition to Jirau's Motion to Remand on June 23, 2014. (Doc. # 13).

The various pleadings included multiple attachments. Attached to the Complaint as Exhibit A is a copy of the Personal Auto Declaration from the policy between Jirau and Infinity with Jirau's address in Tampa, Florida. (Doc. # 2 at Ex. A). In its Notice of Removal, Infinity includes its own Exhibit A with copies of the Complaint, Summons, and Notice of Service that were served on Infinity. (Doc. # 1 at Ex. A).

Jirau attached numerous exhibits regarding Wathen's residence in Florida to the Motion to Remand, including (1) the police report from the July 17, 2013, accident, which lists Wathen's address as 1417 Gulf Stream Circle, Apt. 101, in Brandon, Florida; (2) a public records search showing Wathen's automobiles registered at that address; and (3) a public records search showing the issuance of a duplicate Florida driver's license to Wathen at the same address.

Additionally, attached to his Addendum, Jirau includes, as Exhibit A, proof of service perfected on Defendant Wathen at 1417 Gulf Stream Circle Apt. 101, Brandon, Florida, 33511 on May 31, 2014. (Doc. # 10 at ¶¶ 3-4, Ex. A). In its Response, Infinity includes, as Exhibit A, a copy of a demand letter

4

dated March 20, 2014, sent by Jirau to Infinity, demanding a settlement of $100,000. (Doc. # 13 at Ex. A).

## II. <u>Legal Standard</u>

### A.   <u>Diversity Jurisdiction</u>

Under 28 U.S.C. § 1441, the defendant can remove an action to U.S. District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Diversity is determined when the suit is instituted, not when the cause of action arose." <u>Jones v. Law Firm of Hill and Ponton</u>, 141 F. Supp. 2d 1349, 1354-55 (M.D. Fla. 2001).

Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." <u>Sweet Pea Marine, Ltd. v. APJ Marine, Inc.</u>, 411 F.3d 1242, 1247 (11th Cir. 2005). For individuals, state citizenship, or domicile, is determined by two factors: residence and intention to remain. <u>Las Vistas Villas, S.A. v. Petersen</u>, 778 F. Supp.

1202, 1204 (M.D. Fla. 1991)(<u>citing</u> <u>Von Dunser v. Aronoff</u>, 915 F.2d 1071 (6th Cir. 1990)), <u>aff'd sub nom.</u>, <u>Las Vistas Villas v. Petersen</u>, 13 F.3d 409 (11th Cir. 1994). A person is not necessarily a citizen of the state in which he is currently residing. <u>Jones</u>, 141 F. Supp. 2d at 1355 (<u>citing</u> <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989)). But there is a presumption that "the state in which a person resides at any given time is also that person's domicile." <u>Id.</u> (<u>citing</u> <u>Dist. of Columbia v. Murphy</u>, 314 U.S. 441, 455 (1941); <u>Stine v. Moore</u>, 213 F.2d 446, 448 (5th Cir. 1954)); <u>see</u> <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1342 (11th Cir. 2011)("we may presume that, until controverted by fact, he is domiciled at his current residence")(<u>citing</u> <u>Slaughter v. Toye Bros. Yellow Cab Co.</u>, 359 F.2d 954, 956 (5th Cir. 1966)(describing a "presumption of domicile in the jurisdiction where the party is a resident at the crucial time")).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. <u>Id.</u> "If the jurisdictional

amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

   **B.   Removal**

   "Federal courts are directed to construe removal statutes strictly . . . and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc., 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). "A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." Sibilia v. Makita Corp., 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009). The statutory nature of removal requires that it be construed strictly in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." Martin v. Mentor, 142 F. Supp. 2d 1346, 1347 (M.D. Fla. 2001)(quoting Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F. Supp. 1056, 1057 (S.D. Fla. 1994)).

### III. **Complete Diversity**

Jirau and Infinity do not dispute that Plaintiff Jirau is a resident and citizen of Florida and Infinity is a citizen of Ohio. (Doc. # 1 at ¶ 3; Doc. # 7 at ¶ 1). However, Jirau claims that Wathen is a citizen and resident of Florida and therefore there is a lack of complete diversity. (Doc. # 7 at ¶¶ 1-2).

The Court agrees with Jirau that Infinity has not met its burden of showing there is complete diversity of citizenship between all parties. Infinity attempts to show a lack of complete diversity by quoting Jirau's alternative pleading, which suggests that Wathen is a non-resident of Florida or is concealing his whereabouts. (Doc. # 13 at ¶¶ 28-29). However, the Complaint states that Wathen was a Florida resident at the time of the accident before pleading in the alternative that Wathen is either a non-resident or resident concealing his location. (Doc. # 2 at ¶ 4). Thus, Jirau's alternative pleading does not prove that Wathen is a non-resident. Rather, the competing statements in the Complaint regarding Wathen's residence create an ambiguity regarding that fact.

Infinity also points out that Jirau does not allege Wathen is a citizen of Florida in the Complaint. (Doc. # 13 at ¶ 28). Indeed, Jirau alleges in the Complaint that Wathen

8

is a Florida resident. (Doc. # 2 at ¶ 4). But Jirau's allegation that Wathen is a resident of Florida creates a presumption that Florida is Wathen's domicile. This presumption is strengthened by the Motion to Remand's attachments, which show that Wathen had a Florida driver's license and registered his vehicles at a Florida address. (Doc. # 7 at Ex. B-H). Additionally, Infinity has not provided evidence that Wathen is a citizen of another state. (Doc. # 7 at 6; Doc. # 13). Thus, Infinity has not met its burden of showing that Wathen is a diverse defendant.

Finally, the exhibit attached to Jirau's Addendum, concerning the process eventually served on Wathen's Florida residence, is helpful to the Court's analysis. The proof of process served on Wathen at 1417 Gulf Stream Circle Apt. 101 in Brandon, Florida, verifies Wathen's address as it was listed in the police report from the July 17, 2013, accident and on his Florida driver's license. Taken together, these documents persuasively establish Wathen's Florida citizenship.

At the hearing, Infinity admitted that it possesses no additional facts controverting Wathen's Florida citizenship but argued that the forum defendant rule, as articulated in 28 U.S.C. § 1441(b)(2), nevertheless precluded remand of the case. Infinity cited Hawkins v. Cottrell, Inc., 785 F. Supp.

2d 1361 (N.D. Ga. 2011) in support of this proposition. However, the Court finds Hawkins inapposite and the forum defendant rule inapplicable to the instant case.

Generally, plaintiffs invoke the forum defendant rule to prevent removal to federal court if the removing defendant is a citizen of the forum state and the demands of diversity jurisdiction are otherwise met. See § 1441(b)(2) (A non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Hawkins, 785 F. Supp. 2d at 1372 ("The forum defendant rule prevents the removal of cases that otherwise satisfy the demands of federal subject matter jurisdiction. In enacting this rule, therefore, Congress intentionally created a scheme whereby a plaintiff could select its own forum, except when that forum was presumptively prejudicial to the defendant.").

In the instant case, the demands of diversity jurisdiction are not otherwise met because there is not complete diversity between the parties; therefore, this case is not subject to the forum defendant rule. Additionally, the case was removed to this Court by Infinity, an Ohio citizen, rather than by a Florida-citizen defendant. In short, the forum defendant rule, which serves as a plaintiff's tool to

effect remand, cannot be used by Defendant Infinity to prevent remand to state court.

Because Infinity failed to show that Wathen was not a citizen of Florida at the time of the accident, Infinity has not met the requirement of complete diversity for removal. Therefore, the case is remanded to State Court.[1]

## IV.  **Severance**

Federal Rule of Civil Procedure 21 states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

The court may sever claims or dismiss a dispensable non-diverse party to retain jurisdiction. Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1288 (M.D. Fla. 2002)(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-37 (1989); Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860-61 (11th Cir. 2000)); see Grigsby v. Kane, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003)(under Fed. R. Civ. P. 21, a "court has virtually unfettered discretion in determining

---

[1] Although Jirau argued in the Motion to Remand that the jurisdictional threshold amount of $75,000.00 was not satisfied, he retreated from that argument at the hearing held on July 23, 2014.

whether or not severance is appropriate"). However, "[s]uch power is to be used sparingly, and the court should carefully consider whether one of the parties will be prejudiced by the dismissal." Iraola & CIA, 232 F.3d at 861.

Infinity requests that if the Court finds there is not complete diversity between the parties, Jirau's underinsured motorist and bad faith claims against Infinity be severed from Jirau's negligence claim against Wathen. (Doc. # 13 at 19). Infinity argues that Wathen, as the underinsured motorist involved in the accident, is neither a party to the bad faith claim against Infinity nor an "indispensable party" to the Underinsured Motorist claim against Infinity. (Id.); see Fontaine v. GEICO Gen. Ins. Co., 646 So. 2d 797 (Fla. 1st DCA 1994)(the "uninsured motorist is not an indispensable party" to the case).

The Court will not grant a severance to retain jurisdiction over Jirau's claims against Infinity. Severing the claims would prejudice Jirau because he would have to litigate claims against Wathen in state court and Infinity in this Court simultaneously, when both claims involve the same facts regarding the July 17, 2013, accident. Because the power to sever non-diverse defendants to maintain jurisdiction should be used sparingly and with careful consideration of

any prejudice it could create, the Court denies Infinity's request for severance.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff's Motion to Remand (Doc. # 7) is **GRANTED.** The Court lacks subject matter jurisdiction over this case because the requirements of complete diversity of citizenship have not been satisfied and no federal issues have been raised.

(2)  The Clerk is directed to **REMAND** this case to the State Court and thereafter to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel and Parties of Record