```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

FRANK JIRAU,

        Plaintiff,
v.                                  Case No.  8:14-cv-1205-T-33MAP

STEVEN A. WATHEN and INFINITY
AUTO INSURANCE COMPANY,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Defendant Infinity's Motion for Reconsideration Regarding Order Denying Request to Sever Claims (Doc. # 21), which was filed on August 7, 2014.  Plaintiff Frank Jirau filed a Response in Opposition to the Motion on August 13, 2014. (Doc. # 22).   For the reasons that follow, the Court denies the Motion.

**I.   Background**

After sustaining injuries in a car accident in Brandon, Florida, Jirau filed suit in state court against the individual who was driving the car that struck him (Steven Wathen) and his insurer (Infinity Auto Insurance Company). (Doc. # 2).  In Count I of the Complaint, Jirau sues Wathen for negligence, in Count II, Jirau sues Infinity for uninsured/underinsured motorist benefits, and in Count III, Jirau sues Infinity for "insurance bad faith." (Id. at 3).

Jirau also seeks declaratory relief regarding liability and damages. (Id. at 7).

On May 21, 2014, Infinity removed the case predicating the Court's subject matter jurisdiction on complete diversity of citizenship. (Doc. # 1). On May 30, 2014, Jirau, a citizen of Florida, sought remand of the case to state court based on a lack of complete diversity. (Doc. # 7). Attaching nine exhibits, including Wathen's vehicle registration, drivers license information, property records, and car accident report, Jirau asserted that Wathen is also a citizen of Florida, thus depriving the Court of diversity jurisdiction. Infinity, an Ohio corporation with its principal place of business in Cincinnati, Ohio, responded to the Motion to Remand, but failed to support its barren assertions regarding Wathen's citizenship. (Doc. # 13). Infinity also advanced the alternative argument that, "should the court determine that Defendant Wathen's presence in this suit defeats diversity, the Court should sever the negligence action against Wathen from the UM and Declaratory Judgment and/or bad faith action against Infinity and allow the actions against Infinity to remain in federal court." (Id. at 18).

On July 23, 2014, this Court held a hearing on the Motion to Remand, and on July 24, 2014, the Court entered an Order

2

granting the Motion to Remand. (Doc. # 20). Among other findings, the Court determined that it lacked complete diversity. As to severance, the Court indicated:

> Severing the claims would prejudice Jirau because he would have to litigate claims against Wathen in state court and Infinity in this Court simultaneously, when both claims involve the same facts regarding the July 17, 2013, accident. Because the power to sever non-diverse defendants to maintain jurisdiction should be used sparingly and with careful consideration of any prejudice it could create, the Court denies Infinity's request for severance.

(Id. at 12-13).

By the present Motion, Infinity requests reconsideration of the Court's decision as to severance only. Advancing a slightly different argument at this juncture, Infinity requests that the Court "sever only the bad faith claim and allow the bad faith claim to remain in federal court." (Doc. # 21 at 4).

**II. Legal Standard**

Infinity's Motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in Florida College of Osteopathic Medicine,

3

Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

**III. Analysis**

Jirau arrays distinct claims against Infinity for uninsured/underinsured motorist benefits and for bad faith (not to mention Jirau's negligence claim against Wathen); however, Infinity advances the untenable position that Jirau should be required to litigate his coverage action in state court and his bad faith action in federal court. Infinity posits that this Court should exercise diversity jurisdiction over the bad faith claim and should abate such claim until Jirau's negligence and coverage actions have been resolved by the state court.[1]

Jirau counters that the interests of judicial economy and the interests of fairness are better served by remanding the entire action to state court. Jirau explains that the bifurcated approach suggested by Infinity essentially "gives the UM carrier two bites at the apple. If the verdict exceeds the policy limits, [the UM carrier] get[s] to retry damages a second time in hopes [of] keep[ing] the verdict/judgment within the policy limits."(Doc. # 22 at 7). Jirau indicates

---

[1] Infinity's arguments do not point to a change in controlling case law or the existence of new evidence. Nor does Infinity argue that reconsideration is needed to correct clear error or manifest injustice. Nevertheless, the Court will consider Infinity's contentions.

that if a state court jury awards damages in excess of the policy limits, Jirau "will be extremely prejudiced" if this Court has retained jurisdiction over the bad faith claim because Jirau will be required to "prove the liability of the tortfeasor and damages **two times** to two different juries." (Id. at 12)(emphasis in original).

Jirau's arguments underscore what this Court emphasized when it initially denied Infinity's request for severance: that Jirau's resources will be unnecessarily and unfairly taxed by having to proceed against Infinity in two separate courts. Upon due consideration, the Court denies the Motion for Reconsideration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Infinity's Motion for Reconsideration Regarding Order Denying Request to Sever Claims (Doc. # 21) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record